

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ELIJAH MICHAEL RABON aka Elijay Michael Mesa Rabon,**<br><br>Defendant. | CRIMINAL CASE NO. CF0213-24<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant **ELIJAH MICHAEL RABON aka Elijay Michael Mesa Rabon's** ("Defendant") Motion to Dismiss for Violation of Speedy Trial Rights, filed August 14, 2025. Defendant represents himself, pro se. The People of Guam ("the Government") are represented by Assistant Attorney General Ramiro Orozco. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter commenced on April 1, 2024, when a grand jury returned an Indictment charging Defendant with one count of Tampering with Public Records (As a Third Degree Felony) and one count of Official Misconduct (As a Misdemeanor). (Indictment, Apr. 1, 2024). The charges stem from conduct alleged to have occurred on or between the period of October 31, 2022 through December 1, 2022. *Id.* Defendant was summoned to appear for Arraignment on April 17, 2024.

On April 17, 2024, the court appointed Public Defender Service Corporation as counsel for Defendant, placed certain conditions of release on Defendant, and continued arraignment till April 24, 2024. *See* Minute Entry, Apr. 17, 2024; Order of Conditional Release and Appearance Bond, Apr. 17, 2024; Notice of Court Appointed Counsel (PDSC), Apr. 18, 2024. Defendant was ordered to check in with probation weekly via telephone.

On April 24, 2024, Defendant waived his right to a speedy trial at Arraignment. *See* Minute Entry, Apr. 24, 2024; Waiver of Speedy Trial, Apr. 24, 2024. At Arraignment, Defendant was also given permission to travel off island for medical care. *See* Minute Entry, Apr. 24, 2024; Stipulation and Order Re: Travel, Apr. 30, 2024 (contemplating travel from May 28, 2024 through June 15, 2024). In light of Defendant's waiver at Arraignment, Jury Selection and Trial was set for December 18, 2024. (Criminal Trial Scheduling Order, Apr. 30, 2024).

On May 28, 2024, the first Status Hearing before this Court, Defendant was not present as he was off island. Counsel present for Defendant, Assistant Public Defender William C. Bischoff, advised the Court that the matter would be proceeding to trial and was assigned to Deputy Public Defender John P. Morrison. The matter then came before the Court for several Status Hearings.

On August 5, 2024, Defendant was present with Attorney Morrison. Attorney Morrison indicated he had not received an offer yet and that he needed to meet with Defendant. The Court set the next hearing for October 8, 2024.

On October 8, 2024, Defendant was present with Attorney Morrison. Attorney Morrison indicated he needed to meet with Defendant and that he was hopeful the Government would send an offer to discuss. At the conclusion of the hearing, Defendant told Attorney Morrison that he wanted to assert his right to a speedy trial. Ultimately, Attorney Morrison advised the Court that he needed to discuss that with his client and that "for today's purposes it's not an assertion." (Digital Recording at 10:12:06, Oct. 8, 2024). The Court set the next hearing for October 14, 2024.

On October 14, 2024, Defendant was present with Attorney Morrison. Attorney Morrison advised the Court that he had a lengthy meeting with Defendant, that he wanted to interview some

of the witnesses involved, and that there may be a motion to dismiss forthcoming for one of the charges. (Digital Recording at 11:16:34, Oct. 14, 2024). Attorney Morrison indicated that Defendant was going to give him time to work on the case. *Id.* In light of this information, the Court set the next hearing for December 3, 2024 and vacated the December 18, 2024 trial.

On December 3, 2024, Defendant was present with Attorney Morrison. Attorney Morrison acknowledged that Defendant was anxious to get things underway but indicated that there were still a few witnesses they needed to address prior to trial. Attorney Morrison advised that the motion to dismiss mentioned previously was no longer applicable. Defendant requested to travel to visit family. The Court indicated it would allow travel if Defendant obtained a round-trip ticket and set the next hearing for January 21, 2025.

On January 21, 2025, Defendant was present with Attorney Morrison. Attorney Morrison indicated that Defendant had an interest to leave the island and requested trial dates. The Court set Jury Selection and Trial for February 21, 2025, and a Pre-Trial Conference for February 4, 2025.

On February 4, 2025, Defendant was present with Attorney Morrison. The Government indicated a legal eligibility for Veteran's Treatment Court ("VTC") was filed on January 23, 2025. Attorney Morrison indicated that he had not seen that eligibility and would speak to Defendant about the VTC eligibility. The Court continued the Pre-Trial Conference to February 11, 2025.

On February 11, 2025, Defendant was present with Attorney Morrison. Attorney Morrison advised the Court that Defendant was not interested in the Veteran's Treatment Court program and that the matter would be proceeding to trial. The Court continued the Pre-Trial Conference to February 20, 2025.

On February 20, 2025, Defendant was present with Attorney Morrison. The Government, by and through Assistant Attorney General Lyle Stamps, filed a Motion to Continue Trial and indicated at the hearing that a Superseding Indictment would be forthcoming as early as Monday based on new facts. The Government also indicated that another individual involved in this matter, Joselito Cura, was incarcerated. In light of this information, the Court vacated the February 21, 2025 Jury Selection and Trial and continued the Pre-Trial Conference for a week.

On February 27, 2025, Defendant was present with Attorney Morrison. At the hearing, Assistant Attorney General Stamps indicated the Government was still working on obtaining a superseding indictment to add two new charges. Attorney Stamps also stated that there were issues with a critical witness, Joselito Cura, because Cura was in federal custody serving 150 months for distribution and was not in local custody. Attorney Stamps indicated that Cura was an important witness and that the Government needed an additional two months. The Court set Jury Selection and Trial for June 4, 2025 and a Pre-Trial Conference for May 20, 2025, considering the Government's request and defense counsel's upcoming travel.

On May 20, 2025, Defendant was present with Attorney Morrison. Assistant Attorney General Orozco appeared on behalf of the Government. The parties advised the Court that AAG Orozco had reached out to Attorney Morrison the day prior with an offer that was pending approval. In light of this information, the Court vacated the June 4, 2025 Jury Selection and Trial and set a continued Pre-Trial Conference for June 5, 2025 with a view to short setting trial after, if needed. Attorney Morrison reminded the Court about Defendant's desire to relocate off island but indicated he would speak with Defendant regarding the favorable offer from the Government.

On June 5, 2025, Defendant was present with Attorney Morrison. At the hearing, the parties informed the Court that the proposed deferred plea was unable to get approval. The Government requested to reset the Pre-Trial Conference after sixty days based on a material witness being in federal custody. Defendant opposed any long-term continuance. The Court set Jury Selection and Trial for August 6, 2025, and a Pre-Trial Conference for July 8, 2025. *See* Minute Entry, Jun. 5, 2025; Third Amended Criminal Trial Scheduling Order, Jun. 11, 2025.

On July 8, 2025, Defendant was present with Attorney Morrison. At the hearing, Assistant Attorney General Orozco indicated that he had been given authorization to speak with witness Cura from Cura's trial attorney but that Cura's appeal attorney advised her client not to speak with him. Assistant Attorney General Orozco requested a short continuance so that he could see if he could bring Cura back for trial. Defendant orally asserted his right to a speedy trial. (Digital Recording at 10:29:18, Jul 8, 2025). Jury Selection and Trial remained set for August 6, 2025,

despite the Government's oral motion to continue trial based on the unavailability of witness Cura.

On July 25, 2025, the Government filed an Unopposed Motion for Continuance of Jury Selection Due to the Unavailability of Undersigned Counsel. The Government also filed a Notice to the Court Regarding the Unavailability of Witness. In its Notice, the Government sets forth that it has "made diligent efforts to secure the witness's [Joselito Cura] presence at the scheduled trial date, including contacting the United States Attorney's Office, Guam; the United States Marshals Service, Hawaii; Attorney Louie Yanza, and Attorney Gretchen Fusilier. . . . Since [the date of Defendant's assertion], the People have learned that the witness JOSELITO CURA is unavailable to testify at trial." (Notice, Jul. 25, 2025).

On July 29, 2025, Defendant was present with Attorney Morrison. The Court granted the Government's unopposed Motion and continued trial to August 8, 2025, two days after the original calendared date.

On August 7, 2025, Attorney Morrison orally moved to withdraw as counsel for Defendant as Defendant requested (1) alternate counsel and (2) a motion to dismiss be filed based on a claim of prior assertion of speedy trial and an involuntary waiver thereof. The Court granted the oral motion to withdraw and discharged the Public Defender Service Corporation as counsel for Defendant. *See* Order After Hearing, Aug. 8, 2025. The Court further determined that Defendant did not qualify for indigent defense and instructed Defendant to search for counsel, should he wish to be represented by an attorney.

On August 12, 2025, Defendant filed a written Assertion of Right to Speedy Trial, asserting his right to a speedy trial under the Sixth Amendment to the United States Constitution; Article 1, Section 14 of the Guam Constitution, and 18 GCA § 80.60.

On August 14, 2025, Defendant filed a Notice of Appearance as Self-Represented Defendant (Pro Se). Defendant also filed a Motion to Dismiss for Violation of Speedy Trial Rights ("Motion to Dismiss").[1] On August 15, 2025, the Court set briefing deadlines for this

---

[1] On August 18, 2025, Defendant filed a second Motion to Dismiss entitled "Defendant's Motion to Dismiss for Multiple Violations of Rights." That Motion will be addressed in a separate Decision and Order.

First Motion to Dismiss. *See* Minute Entry, Aug. 15, 2025; Order After Hearing RE; Defendant's Motion to Dismiss Filed 08/14/25, Aug. 15, 2025.

On August 18, 2025, the Government filed its Response to the Motion to Dismiss.

Defendant did not file a Reply.

The Court subsequently placed the matter under advisement without further argument from the parties.

## DISCUSSION

Defendant alleges a violation of both his statutory and constitutional rights to a speedy trial. *See generally,* Mot. Dismiss, Aug. 14, 2025. The Government opposes, arguing the Motion is not ripe for the Court's review and sets forth that Defendant misrepresented key facts in his Motion. *See generally,* Resp., Aug. 18, 2025.

"Constitutional and statutory speedy trial claims are distinct, with different legal standards applicable to each." *People v. Mendiola,* 2015 Guam 26 ¶ 10 (citing *People v. Julian,* 2012 Guam 26 ¶ 19). Accordingly, the Court will evaluate each separately.

**A. Statutory Right to a Speedy Trial**

Defendant first argues that his statutory right to a speedy trial was violated because Guam's statutory period under Rule 48(b) is 180 days from arraignment and as of August 13, 2025, 483 days passed since the filing of charges in this matter. (Mot. Dismiss at 2). Defendant asserts that "the delay is presumptively prejudicial and well beyond the statutory 180-day limit." *Id.*

As an initial matter, the Court notes that there is no Rule 48(b) of the Guam Rules of Criminal Procedure, as there are no "Guam Rules of Criminal Procedure". Guam's "rules" are set forth in statute, Title 8 G.C.A. *See* 8 G.C.A. Chapter 1, 1977 Volume Compilers Comment ("The Law Review Commission, having observed the interaction (and confusion) between Part II of the Penal Code and the Rules of Criminal Procedure, decided that all major criminal rules should be in statutory form.").

Defendant's statutory right to speedy trial is set forth in 8 G.C.A. § 80.60.[2] A defendant who is not in custody at the time of arraignment has the right to be brought to trial within sixty (60) days of his arraignment. 8 G.C.A. § 80.60(a)(3). A defendant may, however, waive his right to speedy trial under 8 G.C.A. § 80.60. *See, e.g., People v. Guerrero,* 2017 Guam 5 ¶ 15 ("an express waiver tolls the counting of the statutory 60-day window.").

In this case, Defendant waived his speedy trial orally at Arraignment and in writing. *See* Minute Entry, Apr. 24, 2024; Waiver of Speedy Trial, Apr. 24, 2024. Thus, the threshold issue to show a violation of speedy trial rights is whether Defendant subsequently asserted that right. The Court acknowledges that the written waiver of speedy trial was signed by defense counsel and not Defendant, however, Defendant was present at arraignment and did not indicate to the court that he wanted to assert speedy trial at that time. Defendant did request, however, to travel off island for medical reasons, which was granted by the court. *See* Minute Entry, Apr. 24, 2024; Stipulation and Order Re: Travel, Apr. 30, 2024 (contemplating travel from May 28, 2024 through June 15, 2024).

Although Defendant orally indicated a desire to assert his right to a speedy trial on October 8, 2024, his counsel stated at the hearing that they needed to discuss it and that for "today's

---

[2]  Section 80.60 provides:

> (a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
> (1) An information is not filed or an indictment returned within the time prescribed by §§ 45.45, 45.50 and 45.80;
> (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or
> (3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment.
>
> (b) A criminal action shall not be dismissed pursuant to Subsection (a) if:
> (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
> (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
> (3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 GCA § 80.60.

---

*People v. Rabon*
Case No. CF0213-24
Decision and Order

purposes, it's not an assertion." (Digital Recording at 10:12:06, Oct. 8, 2024). At the following hearing on October 14, 2024, counsel for Defendant advised the Court that they needed to interview some of the witnesses involved and that there might be a motion to dismiss forthcoming. (Digital Recording at 11:16:34, Oct. 14, 2024). Ultimately, counsel for Defendant stated that Defendant was going to give him some time to work on the case. *Id.* Defendant was present and did not indicate on the record that he disagreed with his counsel. The Court set the next hearing for December 3, 2024, without objection from Defendant or his counsel. Defendant was present at all subsequent hearings with his assigned counsel and at no time, until July 8, 2025, did he ever express any clear indication he wanted to assert his right to a speedy trial. As there was no clear assertion of those rights until **July 8, 2025**, Jury Selection and Trial would have had to commence by **September 6, 2025** pursuant to 8 G.C.A. § 80.60(3).[3] Defendant filed the instant Motion on August 14, 2025. On August 14, 2025, only **37 days** had elapsed on the speedy trial clock and **23 days currently remain**. Therefore, as 23 days remain on the speedy trial clock,[4] the Court does not find that Defendant's statutory right to a speedy trial has been violated.

Lastly, while Defendant claims that he has always wanted to assert and that any waiver of speedy trial was against his wishes, Defendant has not presented any evidence reflecting as such. Had Defendant sought a speedy trial from the beginning of this case, the Court would have commenced trial within sixty (60) days of his assertion. Accordingly, there is no basis for the Court to grant Defendant's Motion to Dismiss on statutory speedy trial grounds.

**B. Constitutional Right to Speedy Trial**

The Court next turns to Defendant's argument that his constitutional right to a speedy trial was violated. (Mot. Dismiss at 2-3). Although the Government's Response does not address the

---

[3] Although the written waiver states that Defendant's waiver of speedy trial was effective until "written notice of reassertion of speedy trial" the Court still considers the date of Defendant's oral assertion the start of the speedy trial clock.

[4] The filing of Defendant's Motion to Dismiss on August 14, 2025 tolled the speedy trial clock. *See Nicholson v. Superior Court of Guam*, 2007 Guam 9 ¶ 26 ("Generally a defendant must accept some reasonable delay as a consequence of filing a motion, but unreasonable delay does not toll the statute."); *Ungacta v. Superior Court of Guam*, 2013 Guam ¶ 29 ("delays caused by or for the benefit of the defendant constitute good cause for speedy trial purposes").

*Barker* factors, the Court still has an obligation to analyze the merits of Defendant's Motion. *See Quitugua v. Flores,* 2004 Guam 19 ¶ 28 ("[T]he failure to file a written opposition to a motion, the filing of a notice of non-opposition, or the disregard of untimely filed papers, does not require a court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision.").

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. The Organic Act of Guam applies this provision specifically to Guam. 48 U.S.C.A. § 1421b(u). The Court conducts a four-part analysis to determine whether a Constitutional speedy trial violation has occurred. *See People v. Flores,* 2009 Guam 22 ¶ 42 ("We employ the *Barker* four-part balancing test in evaluating a claimed speedy trial violation.").

> Under the *Barker* test, the following factors are considered: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. None of these factors alone, however, are dispositive. Rather, the factors must be considered together and balanced in relation to all of the relevant circumstances of the delay in bringing the defendant to trial.

*Id.* (citing *Barker v. Wingo,* 407 U.S. 514, 530; 533 (1972)).

### i.    Length of delay

The Court first considers the length of delay. *Flores,* 2009 Guam 22 ¶ 42. "A constitutional right to a speedy trial cannot be quantified into a specific number of days or months." *Flores,* 2009 Guam 22 ¶ 43 (citing *Barker,* 407 U.S. at 523). "[A] balancing test weighing the conduct of both the prosecution and the defendant is necessary, and the length of the delay is measured from the time of indictment or arrest to the time of trial. The more serious or complex the charge, the greater the length of delay that will be tolerated." *Id.* (citations omitted). Defendant argues that "[a]t 483 days, the delay is presumptively prejudicial and well beyonf [sp]." (Mot. Dismiss at 3).

In this case, Defendant was indicted on April 1, 2024 on one third degree felony and one misdemeanor charge. (Indictment, Apr. 1, 2024). The record before the Court does not indicate

whether or not Defendant was ever arrested for the charges in this matter. Defendant's first appearance before a Magistrate Judge was after a grand jury returned an indictment. Therefore, the Court will calculate the length of delay from the time of indictment to the time of the filing of Defendant's Motion to Dismiss as Defendant has not yet gone to trial. From the filing of the Indictment on April 1, 2024 to the filing of Defendant's Motion to Dismiss on August 14, 2025, 500 days passed or one year, four months, and thirteen days. The Supreme Court of Guam has found presumed prejudice in cases where the delay lasted at least four years. *See, e.g., People v. Mendiola,* 1999 Guam 8 ¶ 24 (finding presumed prejudice after a four year and six month delay from the time of arrest to trial); *People v. Flores,* 2009 Guam 22 ¶ 44 (finding presumed prejudice after a six year delay from the time of arrest to trial). The most recently scheduled Jury Selection and Trial was set for August 8, 2025, which was 494 days from the filing of the Indictment in this matter and as noted earlier, Defendant's Motion to Dismiss was filed 500 days after the filing of the Indictment, which commenced this matter on April 1, 2024. The Supreme Court of Guam has "held that an 18-month delay did not rise to the level of a constitutional violation," however, it has also determined that a six month delay "is not so insignificant as to foreclose inquiry into the other constitutional factors." *People v. Mendiola,* 2015 Guam 15 ¶ 15. Accordingly, while the Court finds that the length of delay of the *Barker* balancing test does not weigh heavily in Defendant's favor, the Court will examine the remaining *Barker* factors.

### ii.    Reason for the delay

The Court next considers the reason for delay. "Closely related to length of delay is the reason the government assigns to justify the delay." *Barker,* 407 U.S. at 531. Here, Defendant sets forth that "[t]he record reflects repeated continuances, including actions by prior defense counsel which were undertaken without Defendant's consent or in direct contradiction of Defendant's express desire for a speedy trial." (Mot. Dismiss at 3).

> *Barker* identifies three types of reasons for delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. Different weights are assigned different reasons for delay. Different weights are assigned different reasons for delay. Deliberate delay which includes an "attempt to delay the trial in order to hamper the defense" or "to gain some tactical advantage over (defendants) or to harass them" is weighted

heavily against the government. Negligent delay is weighted less heavily against the government than is deliberate delay "but nevertheless should be considered...." Justified delay . . . is not weighted against the government.

*Flores,* 2009 Guam 22 ¶ 45 (citations omitted).

The Court does not find that there has been deliberate delay. Defendant has not set forth or explained how the delay was intended to harass him or hamper his defense. Accordingly, the Court looks to whether or not there has been negligent delay or justified delay. The first Jury Selection and Trial in this matter was scheduled for December 18, 2024. This Jury Selection and Trial was vacated on October 14, 2024 after Defense Counsel needed to interview witnesses involved and that there may be a motion to dismiss forthcoming. The Court finds this delay justified. The second Jury Selection and Trial was set for February 21, 2025. This date was vacated after the Government indicated newly acquired discovery set forth that a co-actor, Joselito Cura, was also involved and that there was going to be a superseding indictment. The Court finds this delay justified. The third Jury Selection and Trial was set for June 4, 2025. This date was vacated because the parties were undergoing negotiations. The Court finds that this delay was justified. The fourth Jury Selection and Trial was set for August 6, 2025. Although this date was subsequently rescheduled to August 8, 2025 due to a scheduling conflict by the Government, the Court notes that it was only a two-day delay and was not opposed by Defendant's counsel. Jury Selection and Trial ultimately did not go forward on August 8, 2025 however due to Defendant's request for new counsel and desire to file a Motion to Dismiss. In light of these facts, the Court finds that any delay was justified and this factor does not weigh in Defendant's favor.

### iii.     Defendant's assertion of his right to a speedy trial

The Court next considers Defendant's assertion of his right to a speedy trial.

In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. Further, assertion of the right is entitled to strong evidentiary weight, though such assertion must be viewed in light of defendant's other conduct.

*Mendiola,* 2015 Guam 26 ¶ 19 (internal citations, quotation marks and alterations omitted).

Here, Defendant sets forth that he "has consistently asserted the right to a speedy trial." (Mot. Dismiss at 3). The record before the Court, however, does not indicate as such, and Defendant has not presented any evidence showing that he has consistently asserted his right to a speedy trial. As noted earlier, although Defendant did indicate a desire to assert on October 8, 2024, his counsel stated before the hearing ended that they needed to discuss it and that it was not an assertion as of that day. *See* Digital Recording at 10:12:06, Oct. 8, 2024. The following week, counsel for Defendant stated that Defendant was going to give him some time to work on the case to interview witnesses and evaluate a motion to dismiss. *See* Digital Recording at 11:16:34, Oct. 14, 2024. Defendant was present and did not indicate on the record that he disagreed with his counsel. *Id.* The Court set the next hearing for December 3, 2024, without objection from Defendant or his counsel. *Id.* Defendant was present at all subsequent hearings and at no time *until July 8, 2025,* did he ever express any clear indication that he wanted to assert his right to a speedy trial. Accordingly, the Court finds that this factor does not weigh in Defendant's favor.

### iv.     Prejudice to the defendant

Lastly, the Court turns to the fourth *Barker* factor, prejudice to the defendant. Here, Defendant sets forth that he "has suffered ongoing emotional, reputational, and financial harm due to the pendency of this matter, including constraints on personal and professional life." (Mot. Dismiss at 3).

"In evaluating prejudice, a court must consider three interests protected by the speedy trial right: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern and of the defendant, and (3) limiting the possibility that the defense will be impaired." *Flores,* 2009 Guam 22 ¶ 49 (citing *Barker,* 407 U.S. at 532). "Of these three factors, impairment of the defense is most significant due to the skewing of fairness in the judicial system. Prejudice which impairs the defense may include the death or disappearance of a witness due to delay or the inability of a defense witness to recall events from the distant past." *Barker,* 407 U.S. at 532.

As to the first factor, Defendant has been released throughout the pendency of this matter and was never incarcerated. As to the second factor, "[s]ome prejudice to a defendant in the form of anxiety is inevitable simply by virtue of the existence of impending criminal charges. However,

to establish prejudice based on anxiety, a defendant must do more than simply make an assertion but must show that the alleged anxiety and concern had a specific impact on his health or personal or business affairs." *Flores*, 2009 Guam 22 ¶ 51 (citations, alterations, and quotation marks omitted). Here, Defendant was permitted to travel off island and was allowed to check in with probation via telephone. Defendant has maintained his job at the Department of Revenue and Taxation throughout the pendency of this matter. As to the third factor regarding prejudice, "unless the first three *Barker* factors all weigh heavily in favor of a defendant, the defendant must demonstrate actual prejudice." *Flores*, 2009 Guam 22 ¶ 52. The first three *Barker* factors do not weigh heavily in Defendant's favor therefore actual prejudice is required. *See id.* Defendant does not set forth that the delay has caused the loss of any evidence or impaired his defense. Therefore, the Court finds that this factor also does not weigh in favor of Defendant.

Upon review of all four *Barker* factors, the Court does not find that Defendant's right to a Sixth Amendment right to a speedy trial has been violated and therefore DENIES the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss for Violation of Speedy Trial Rights. As this matter remains in an asserted status, the Court hereby sets Jury Selection and Trial for **September 10, 2025** at **1:30 p.m.** Parties shall return for a Pre-Trial Conference on **September 5, 2025** at **9:00 a.m.**

**IT IS SO ORDERED** this ___4th___ day of September, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

AG,
Elijah Rabon
Date: 9/4/25 Time: 11:36am

Deputy Clerk, Superior Court of Guam

*People v. Rabon*
Case No. CF0213-24
Decision and Order